IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAVID N. DRESSLER,**

           Plaintiff,

v.                                           **CIVIL ACTION NO. 3:17-CV-154
(BAILEY)**

**WALMART STORES, INC.,**

           Defendant.

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Pending before the Court is Plaintiff David N. Dressler's ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B).

**II.    THE COMPLAINT**

In his complaint, Plaintiff claims that Walmart Stores, Inc. ("Defendant") violated his "Constitutionally guaranteed right to privacy." ECF No. 1, at 2. Plaintiff alleges that in July of 2013, the Jefferson County, West Virginia, Prosecutor ("Prosecutor") sought "U.S. Government protected information"[1] from Defendant regarding a gun purchase that Plaintiff had made at one of Defendant's stores. Id. Plaintiff claims that the Prosecutor used this information "to malign, slander, and liable [sic] Plaintiff as well as to mount a

---

[1] Plaintiff provides no further details about the nature of this "U.S. Government protected information."

vicious campaign to deny Plaintiff's 2nd Amendment Right to possess a firearm(s)." Id.

Plaintiff claims that Defendant told him it produced such information to the Prosecutor pursuant to a subpoena. Id. However, Plaintiff also asserts that he requested a copy of said subpoena from Defendant and never received it. Id. Plaintiff claims that no such subpoena exists. Id.

Plaintiff alleges that Defendant summarily dismissed his "legally guaranteed rights," causing Plaintiff irreparable harm and damage, both professionally and personally. Id. Plaintiff seeks $10,000,000 and a certified letter stating that "the purchase of the firearm in question was in fact, legal and that never again will Walmart Stores, Inc., permit this or other illegal acts to occur." Id. at 3.

### IIII.   LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with his request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its

discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute also allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell

3

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

## IV.     DISCUSSION

### A.     Subject-Matter Jurisdiction

Before evaluating whether Plaintiff's complaint states a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter

jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987). Federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp, 660 F. Supp. at 650.

Here, Plaintiff claims this Court has both federal question and diversity jurisdiction. ECF No. 1, at 1. However, Plaintiff's Civil Cover Sheet alleges only federal question jurisdiction, and it cites to the Fourth Amendment and "Specific Stipulations of [the] F[air] C[redit] R[eporting] A[ct]" as the United States Civil Statute under which Plaintiff has filed his complaint. ECF No. 1-1, at 1. The undersigned concludes that this is sufficient to establish federal-question subject-matter jurisdiction to evaluate Plaintiff's claims on the merits.[2]

### B. Fourth Amendment Claim

Plaintiff alleges that his constitutional right to privacy was violated because Defendant provided Plaintiff's information (which Plaintiff had provided to Defendant) to the Prosecutor. ECF No. 1, at 2. However, the Constitution does not provide, by itself, a cause of action to address alleged violations of its provisions. Magary v. Sprint Nextel Corp., No. 4:18-cv-50, 2018 WL 3249485, at *2 (E.D.N.C. June 1, 2018), adopted by 2018

---

[2] While Plaintiff also meets diversity jurisdiction requirements (i.e. complete diversity of citizenship between the parties and an amount-in-controversy of more than $75,000), because Plaintiff asserts claims under the Constitution or federal laws, diversity jurisdiction is not necessary.

WL 5723928. Plaintiff must instead bring his claim of a constitutional violation under a statute that provides a cause of action, such as 42 U.S.C. § 1983.[3] See Hughes v. Bedsole, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995). In order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that (1) a person (2) acting under color of state law (3) deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). To be sued under § 1983, a defendant "must either be a state actor or have a sufficiently close relationship with state actors that a court would conclude that [it] is engaged in the state's actions." Cox v. Duke Energy Inc., 876 F.3d 625, 632 (4th Cir. 2017). Additionally,

> [t]o act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions.

Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

While it is not clear whether Plaintiff is alleging an action pursuant to § 1983, because Plaintiff alleges that Defendant provided information to the Prosecutor, a state actor, the undersigned will construe Plaintiff's claim as one under § 1983.

Plaintiff alleges that he made a firearm purchase at one of Defendant's stores and Defendant provided information regarding that purchase to the Prosecutor. This is not an

---

[3] Plaintiff could also bring a Bivens claim to remedy an alleged constitutional violation. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (where the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights). In order to state a claim pursuant to Bivens, the plaintiff must set forth a statement that indicates a federal official violated a specific constitutional right; however, a plaintiff cannot bring a Bivens action against a private entity. James v. ServiceSource, Inc., 555 F. Supp. 2d 628, 639 (E.D. Va. 2008) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001)). Here, Plaintiff does not allege that any federal official has been involved in this matter, and he is bringing his claim against Defendant, a private entity. So, Plaintiff cannot maintain a Bivens claim (if he is alleging one).

allegation that Defendant had "a sufficiently close relationship with state actors that a court would conclude that [it] is engaged in the state's actions," Cox, 876 F.3d at 632, or that Defendant "was a willful participant in joint action with the State." Id. As such, Plaintiff has failed to allege that Defendant is a state actor or acted under color of state law.

In fact, Plaintiff's Fourth Amendment right is not even implicated on the facts alleged by Plaintiff.

> It is well-settled that when an individual reveals private information to another, he assumes the risk that his confidant will reveal that information to the authorities, and if that occurs the Fourth Amendment does not prohibit governmental use of that information. Once frustration of the original expectation of privacy occurs, the Fourth Amendment does not prohibit governmental use of the now-nonprivate information: "This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in a third party will not be betrayed."

United States v. Jacobsen, 466 U.S. 109, 117 (1984). Therefore, Plaintiff's Fourth Amendment claim, construed as a § 1983 claim, should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

### C. Fair Credit Reporting Act Claim ("FCRA")

Plaintiff nominally cites to the FRCA in his Civil Cover Sheet. ECF No. 1-1, at 1. However, Plaintiff alleges nothing in his complaint to indicate that Plaintiff is alleging an FCRA claim. See ECF No. 1. Plaintiff's factual allegations relate to information provided to Defendant regarding the purchase of a firearm at Defendant's store and Plaintiff's Second and Fourth Amendment rights. Nothing Plaintiff alleges is related to the FCRA. See 15 U.S.C. § 1681(b) ("It is the purpose of [FCRA] to require that consumer reporting

7

agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ."). Therefore, to the extent Plaintiff alleges a claim under FCRA, it should be dismissed without prejudice as frivolous[4] because it is without an arguable basis in law or fact.

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff, David N. Dressler, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

---

[4] See Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004) ("We do not think, however, that Congress intended a dismissal under § 1915(e)(2)(B)(i) of the in forma pauperis statute to operate as a dismissal with prejudice.").

8

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 25th day of July, 2019.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE